IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA
EX REL. PAO HER and LY HER                        PLAINTIFFS

          v.               Civ. No. 06-2178

REGIONS FINANCIAL CORPORATION
d/b/a REGIONS BANK                                 DEFENDANTS

<u>**MEMORANDUM OPINION & ORDER**</u>

On October 5, 2006, Plaintiffs filed a Complaint (Doc. 1) seeking money damages for losses associated with a federally guaranteed loan for purchase of a poultry farm.  Plaintiffs asserted violations of the Federal False Claims Act including fraud on the Farm Service Agency ("FSA") Guaranteed Loan Program ("GLP") and Interest Assist Program ("IAP").

Currently before the Court is Defendants' Motion to Dismiss (Doc. 25), and Brief in Support (Doc. 26), Plaintiffs' Response in Opposition (Doc. 31) and Brief in Support (Doc. 32), and Defendants' Reply Brief in Support of Motion to Dismiss (Doc. 35).  For the reasons set forth herein, the Defendants' motion to dismiss is **GRANTED** for the claim involving inflated appraisals, and the claims against Regions Financial Corporation and **DENIED** as to all other claims.

**A.   Background**

On February 27, 2004, Pao Her and Ly Her, husband and wife, purchased a farm that was primarily used in turkey production located near Ozark, Arkansas, for $1,050,000.

**AO72A**
**(Rev. 8/82)**

Plaintiffs invested their life savings to pay $158,000 as a down payment for the purchase. The balance was financed by Regions in the form of two loans. One note for $692,500 ($500 was not included in the purchase of the farm) was guaranteed by the Farm Service Agency ("FSA"), and a $200,000 note was unguaranteed. (Doc. 7, Ex. 1 & 2). Both notes were secured by mortgages. The interest rate on the notes securing the loans was the variable rate at prime[1] plus one and a half percent.

The United States through the FSA provides credit to borrowers for certain agricultural investments in the form of guaranteed loans. Banks that make such loans may have some protection in the event of a loss. Plaintiffs filed this action alleging that Defendants submitted false certifications and claims to the federal government claiming that they were in compliance with GLP and IAP regulations governing interest rates and fees on loans guaranteed by the FSA. Plaintiffs contend that Defendants were not in compliance with such regulations because they were charging interest rates and fees in excess of FSA regulations.

**B.   Standard of Review**

In ruling on a motion to dismiss, the district court must

---

[1]     The term "prime" refers to the interest rate charged by banks to their most creditworthy customers. The rate is almost always the same amongst major banks.

2

accept the allegations contained in the complaint as true, and all reasonable inferences from the complaint must be drawn in favor of the non-moving party. *Hafley v. Lohman,* 90 F.3d 264, 266 (8th Cir. 1996). Complaints should be liberally construed in the plaintiff's favor and should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Rucci v. City of Pacific,* 327 F.3d 651, 652 (8th Cir. 2003) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)).

**C.   Discussion**

Plaintiffs contend that Defendants violated the Federal False Claims Act ("FCA") by submitting or causing to be submitted false certifications and claims to the FSA involving interest rates, fees and appraisals. Defendants argue that this Court should dismiss Plaintiffs' claims for failure to plead fraud with particularity, failure to state a claim against Regions Financial Corporation, lack of subject matter jurisdiction and failure to state a claim, pursuant to 31 U.S.C. § 3730(b)(5).

Defendants first contend that the Plaintiffs' complaint fails to plead fraud with particularity as required by Rules 9(b) and 12(b)(6). "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated

3

with particularity." *Fed. R. Civ. P. 9(b)*. In *United States ex. rel. Joshi v. St. Luke's Hosp., Inc.,* 441 F.3d 552 (8th Cir. 2006), the Eighth Circuit set out the law on what Rule 9(b) requires a plaintiff to allege in an FCA case:

> Because the FCA is an anti-fraud statute, complaints alleging violations of the FCA must comply with Rule 9(b). Under Rule 9(b), the circumstances constituting fraud ... shall be stated with particularity. Rule 9(b)'s particularity requirement demands a higher degree of notice than that required for other claims, and is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations. To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result. Put another way, the complaint must identify the "who, what, where, when and how" of the alleged fraud.

Since plaintiffs in FCA cases are only required to plead "some representative examples" of fraud, federal courts have been much more demanding that they satisfy the lesser pleading requirement. *United States v. ex rel. Woods v. North Arkansas Regional Medical Center,* 2006 U.S. Dist. WESTLAW 2583662 (W.D. Ark. 2006).

Plaintiffs contend that federal law requires that banks participating in the GLP not charge an interest rate in excess of its average agricultural rate ("AAR"). The Code of Federal Regulations ("CFR") provision governing GLP interest rates

4

states:

> Neither the interest rate on the guaranteed portion nor the unguaranteed portion may exceed the rate the lender charges its average agricultural loan customer. 7 C.F.R. § 762.124(a)(3).

Similarly, the CFR provision governing the IAP interest rate states:

> To be eligible for interest assistance, a loan must be scheduled over the terms typically used by the lender for similar type loans within limits set by § 762.124 of this part. 7 C.F.R. § 762.150(b).

Additionally, Plaintiff claims the FSA Handbook on Making and Servicing Guaranteed Loans ("FSA Handbook") ¶ 135(b) provides further guidance. The handbook defines AAR as a rate which is "no higher than the rate charged a moderate risk borrower, regardless of the guaranteed borrower's equity, collateral or repayment position."

Defendants contend that Plaintiffs have not pled fraud with the particularity required under Rule 9(b). They argue that Plaintiffs' complaint fails to identify (1) a false claim or a reverse false claim; (2) a payment by the FSA to Regions on the basis of a false claim; and (3) any money or property due and owing by Regions to the FSA. (Doc. 26 at 5).

In response, Plaintiffs cite *Robertson v. White,* 633 F.Supp. 954, (W.D.Ark. 1986), wherein the court held that "a balance needs to be struck in fraud cases of this kind... to the extent that a fraud complaint identifies with a fair

5

amount of particularity the transactions questioned, the dates on which they occurred, and the principal actors involved, the pleadings should pass muster." Defendants contend *Robertson* is distinguishable from this case because *Robertson* was a securities fraud case where 57 defendants were alleged to have committed fraudulent acts over a period of five years. *Id.* at 967.

Plaintiffs allege that Defendants charged interest rates in conjunction with the GLP in excess of their AAR. Plaintiffs acknowledge that an audit would be required to determine Defendants' AAR, but allege that Defendants are charging interest rates in excess of their AAR. (Amended Complaint ¶ 24). Plaintiffs contend that Defendants routinely misrepresented their compliance with FSA's regulations on certifications and claims in both the GLP and IAP, and that such misrepresentations induced the FSA to pay Defendants' fraudulent claims. Plaintiffs allege that when Defendants applied for a FSA guaranteed loan on behalf of a farmer, an official signed the FSA's Conditional Commitment FSA-1980-15, which listed a number of conditions of the FSA program, and submitted it to the FSA.[2] Plaintiffs contend that an official must also sign a certification on the Conditional Commitment

---

[2]    Paragraph 15 of the Conditional Commitment states: "the interest rate cannot exceed the rate the lender charges its average farm customer."

AO72A
(Rev. 8/82)

which provides: "Lender hereby certifies that it will comply with the requirements and regulations of C.F.R. Part 762."

Plaintiffs allege that if and when a guaranteed loan defaults, the Defendants submit a Loan Note Guarantee Report of Loss to the FSA, which is both an accounting of the loss suffered by the bank and a request for payment from the government. (Amended Complaint ¶ 41). Plaintiffs contend that Defendants also complete an Interest Rate Assistance Agreement FSA-1980-64, which requires that they certify that "the above information is accurate and consistent with the terms of FSA regulations and the Interest Assistance Agreement." (Amended Complaint ¶ 42). The Plaintiffs have identified several loans and the interest rates charged them, as well as specific documents which they allege the Defendants fraudulently submitted to the FSA demanding payment, and the name of the employee that submitted the documents. The allegations of fraudulent conduct are clear. Accordingly, the Court finds that the Plaintiffs have pled their fraud allegations with sufficient particularity to allow the Defendants to respond at this stage in the proceeding. The Defendants' motion to dismiss for failure to plead fraud with particularity is denied.

Defendants next contend that the claims against Separate Defendant Regions Financial Corporation should be dismissed

pursuant to Rule 12(b)(6) for failure to state a claim.  They allege that Separate Defendant Regions Financial Corporation is not a bank which makes agricultural loans, but rather a bank holding company.  Plaintiffs failed to contest the Defendants' motion to dismiss as to Regions Financial Corporation.  Accordingly, the Defendants' motion to dismiss Separate Defendant Regions Financial Corporation is granted. The claim against Separate Defendant Regions Financial Corporation is dismissed with prejudice.

Finally, Defendants contend that Plaintiffs' claims should be dismissed for lack of subject matter jurisdiction pursuant to 31 U.S.C. § 3730(e)(4)(A) and for failure to state a claim pursuant to the first-to-file provision of 31 U.S.C. § 3730(b)(5).  The False Claims Act provides that: "no court shall have subject matter jurisdiction over an action publicly disclosed under this section unless the relator is an original source of the information,"[3] and that: "when a person brings an action under this subsection, no person other than the Government may intervene or bring a related action based on the facts underlying the pending action."[4] .  Defendants argue that three cases filed against Regions Bank in state court, *V'Asia Eric Xiong and Douangchane Lee v. Regions Financial*

---

[3] 31 U.S.C. § 3730(e)(4)(A).

[4] 31 U.S.C. § 3730(b)(5).

AO72A
(Rev. 8/82)

*Corporation d/b/a Regions Bank, et al.,* Sebastian County
Circuit Court No. CV-06-341-I; *Don Lee and Chee Lor v. Regions
Bank, et al.,* Sebastian County Circuit Court No. 06-
499(I)("the Sebastian County actions"); and *Pa Chay Xiong and
Ka M. Xiong v. Regions Bank, et al.,* Johnson County Circuit
Court No. CV-2006-061 ("the Johnson County action"),
constitute public disclosure within the meaning of 31 U.S.C.
§ 3730(e)(4)(B) and are related to this action for purposes of
31 U.S.C. § 3730(b)(5).  To determine whether allegations or
transactions of a claim have been publicly disclosed, a Court
must answer three questions: (1) Have allegations made by the
relator been "publicly disclosed" before the qui tam suit was
brought?; (2) If so, is the qui tam suit "based upon" the
public disclosure?; and (3) If so, was the relator an
"original source" of the information on which the allegations
were based?.  *See United States of America ex rel. v.
Montgomery v. St. Edward Mercy Medical Center,* 2007 U.S. Dist.
LEXIS 73376 (E.D. Ark. September 28, 2007).

Plaintiffs contend that the allegations of fraudulent
conduct by Regions Bank made in their complaint are different
from the allegations made in the state court actions and are
therefore not publicly disclosed.  The complaints in both the
Johnson County and Sebastian County actions involve
allegations that Regions Bank completed loan application

9

documents with excessive projected incomes, inflated
appraisals and deflated living expenses.  The Plaintiffs
allege that Regions Bank certified and submitted fraudulent
documents to the FSA in order to secure guaranteed loans which
the Plaintiffs were not able to afford.

     The allegations in both the Johnson County and Sebastian
County actions involve the initial loan application process,
i.e., appraisals, projected incomes, living expenses, etc.,
while the matter before this Court involves interest rates and
fees on already secured guaranteed loans.  With the exception
of the allegations regarding inflated appraisals, the Court
finds that the allegations made in the Johnson County and
Sebastian County actions are distinct from the allegations
made here.  Although the allegations may be based on the same
loans as the Johnson County and Sebastian County actions, the
fraudulent conduct alleged is different.  There is no
indication that an investigation of the allegations made in
the Johnson County and Sebastian County actions would have
resulted in the discovery of the fraudulent conduct alleged in
this matter.  Further, the Plaintiffs' allegations do not
appear to be based upon any of the allegations made in the
Johnson County and Sebastian County actions.  Accordingly, the
Court finds that the allegations involving excessive interest
rates and fees are not publicly disclosed pursuant to 31

U.S.C. § 3730(e)(4)(A), or related to previously filed actions pursuant to the first-to-file provision of 31 U.S.C. § 3730(b)(5), and therefore, this Court has subject matter jurisdiction, and Plaintiffs' claims are not barred.

With regard to the Plaintiffs' allegations of fraudulent conduct involving inflated appraisals, the Court finds that such allegations are based upon publicly disclosed information from the Johnson County and Sebastian County actions, and that the Plaintiffs are not the "original source" of the information for purposes of 31 U.S.C. § 3730(e)(4)(A). Additionally, the first-to-file provision of 31 U.S.C. § 3730(b)(5) bars these claims as the Court finds they are closely related to the allegations contained in the Johnson County and Sebastian County actions. Accordingly, the Court lacks subject matter jurisdiction over the Plaintiffs' claims regarding inflated appraisals, and they are barred pursuant to 31 U.S.C. § 3730(b)(5). Plaintiffs' claims based on inflated appraisals are dismissed with prejudice.

**D.   Conclusion**

Accordingly, the Defendants' Motion to Dismiss is **GRANTED** as to the claim involving inflated appraisals, and the claims against Separate Defendant Regions Financial Corporation and **DENIED** as to all other claims. This matter remains set for a jury trial on November 3, 2008.

11

IT IS SO ORDERED this 3rd day of June 2008.

/s/ Robert T. Dawson
HONORABLE ROBERT T. DAWSON
UNITED STATES DISTRICT JUDGE

AO72A
(Rev. 8/82)