IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES, Ex Rel
PAO HER and LY HER                                                                    PLAINTIFFS

            V.                           NO.  2:06-CV-02178-RTD

REGIONS FINANCIAL CORPORATION
d/b/a REGIONS BANK                                                                    DEFENDANT

**O R D E R**

Before the court is the Plaintiff's Motion to Compel (Doc. 49) and Memorandum Brief (Doc. 52) filed August 19, 2008 and the Defendant's Response (Doc. 55) filed August 22, 2008. The matter has been referred to the undersigned for disposition by Order (Doc. 50) entered August 11, 2008 and a hearing was held September 24, 2008. At the hearing the parties agreed that all discovery matters had been resolved except for Interrogatory Number 1, Request for Production Number 1 and Request for Production Number 8.

**Background:**

Regions is a bank and a wholly-owned subsidiary of Regions Financial Corporation (RFC). RFC is a financial services company.  Regions and RFC have their principal place of business in Birmingham, Alabama.  (Complaint, ¶ 6; Answer, ¶ 6).

Plaintiffs and qui tam relators Pao Her and Ly Her ("relators") purchased a poultry farm in Franklin County, Arkansas on February 27, 2004, for a purchase price of $1,050,000. To complete the transaction, the relators obtained from Regions a $692,500 loan that was guaranteed by the Farm Services Agency ("FSA") of the United States Department of Agriculture and an unguaranteed loan for $200,000. (Complaint, ¶s 5, 16, 18; Answer, ¶s 5, 16, 18).  Both notes were secured by

mortgages. The interest rate on the notes securing the loans was the variable rate at prime[1] plus one and a half percent.

The United States, through the FSA, provides credit to borrowers for certain agricultural investments in the form of guaranteed loans and interest subsidies to stabilize farm income and provide credit to new or disadvantaged farmers. Banks that make such loans may have some protection in the event of a loss. Under the guaranteed loan program ("GLP"), the FSA guarantees loans made by agricultural lenders to qualify farmers for 85 to 90 percent of the principal loan amount. For FSA's GLP, federal law requires that lenders not charge an interest rate in excess of its average agricultural rate ("AAR"). 7 C.F.R. § 762.124(a).

The interest assistance program ("IAP") is an interest subsidy program by which the FSA agrees to reimburse the lender up to four percentage points on the loan, in exchange for the lender reducing the interest rate charged to the borrower in the same amount. 7 C.F.R. § 762.150(b).

Plaintiffs filed this action alleging that Defendant submitted false certifications and claims to the federal government claiming that they were in compliance with the GLP and the IAP regulations governing interest rates and fees on loans guaranteed by the FSA. (Complaint ¶ 1, 28, 31, 32, 33). Plaintiffs contend that Defendant was not in compliance with such regulations because they were charging interest rates and fees in excess of FSA regulations and inflating appraisals to obtain higher interest payments and commissions. (Complaint ¶ 17, 20, 24, 28, 34). Plaintiff argues that Defendant's actions were in violation of the Federal False Claims Act, 31 U.S.C. §§ 3729(a)(1), (a)(2), (a)(3), (a)(7), and 3732(b).

---

[1]The term "prime" refers to the 1 interest rate charged by banks to their most creditworthy customers. The rate is almost always the same amongst major banks.

**Discussion:**

It is well-established that the scope and conduct of discovery are within the sound discretion of the trial court. *Marroquin-Manriques v. Immigration and Naturalization Serv.*, 699 F.2d 129, 134 (3d Cir.1983). The Federal Rules of Civil Procedure permit discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). Discovery is not limited solely to admissible evidence but encompasses matters which "appear[ ] reasonably calculated to lead to the discovery of admissible evidence." See id; *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). "Relevance is construed broadly and determined in relation to the facts and circumstances of each case." *Hall v. Harleysville Ins. Co.*, 164 F.R.D. 406, 407 (E.D.Pa.1996).

A hearing was conducted on September 24, 2008 and the parties indicated that they had resolved all discovery disputes by agreement except for Interrogatory No. 1, Request for Production No. 1 and Request for Production No. 8 and the court finds that all discovery disputes except for Interrogatory No. 1 and Request for Production No. 1 and No. 8 are MOOT.

The Defendant determined from a computer search of all of the files that 7845 files met the criteria for the proposed interrogatory and requests for production. The Defendant contends that it would be unduly burdensome to locate and produce all of the requested files

Even relevant evidence may be precluded from discovery when the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P. 26(b)(2*) Roberts v. Shawnee Mission Ford, Inc.* 352 F.3d 358, *361 (C.A.8 (Mo.),2003)

The Plaintiffs have acknowledged that a 10% sample of the total number of files would be sufficient for their discovery needs and the court finds that the requested discovery is relevant but should be limited to a reasonable sample to reduce the burden on the Defendant of complying with the discovery request. The court did order the Defendant to provide to the court the computer print out of the 7845 files that met the discovery criteria and the Defendant has provided the court with the documentation on October 1, 2008.

**Conclusion:**

**Interrogatory No. 1:** Plaintiff requested specific and detailed information (listed as "a" through "p") on each and every agricultural loan Defendant made, received payments on or services for over the past ten years. Defendant objects on the grounds that the Interrogatory is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of evidence relevant to Plaintiffs claim.

Pursuant to the court's instructions at the hearing held on September 24, 2008, Defendant provided a list of 7,845 loans, presumed to meet the search criteria for loans over the past eight years, to the court containing the Bank Number, Obligor Number, Obligation Number, Borrower Name and Borrower ID. The court will GRANT Plaintiffs a random sampling of ten percent or 784 of the list of 7,845 loans provided to the court. A program found at www.randomizer.org/form.htm was used by the court to determine which loan information, listed as "a" through "p" in Plaintiffs Interrogatory No. 1, Defendant is directed to produce. (See Attachment A). Should the random selection end on a line where the loan identified was not within the search criteria, Defendant will be permitted to produce the loan to the same obligor that met the search criteria.

**Request for Production No. 1:** Plaintiffs requested the production of specific and detailed information (listed as "a" through "f") on each and every agricultural loan Defendant made, received payments on or services for over the past ten years. Defendant objects on the grounds that the Request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of evidence relevant to Plaintiffs claim.  The Motion to Compel as to The Request for Production No. 1 is GRANTED as it pertains to the ten percent sampling selected by the court.

**Request for Production No. 8:** Plaintiffs request production of all documents, materials, memoranda or correspondence demonstrating who participated in the decisions determining what rate would be charged on unguaranteed agricultural loans. Defendant objects on the grounds that the term "agricultural" is not defined by Plaintiffs and the term "unguaranteed" is vague, ambiguous and overly broad. The Motion to Compel as to The Request for Production No. 8 is GRANTED as it pertains to the ten percent sampling selected by the court.

IT IS SO ORDERED this October 3, 2008.

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE