```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF ARKANSAS
                      FORT SMITH DIVISION
```

| | |
|---|---|
| PAO & LY HER | PLAINTIFFS |
| V.         CIVIL NO. 07-2017 | |
| REGIONS FINANCIAL CORP.<br>d/b/a Regions Bank | DEFENDANT |

-**AND-**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* PAO HER & LY HER | PLAINTIFFS |
| V.         CIVIL NO. 06-2178 | |
| REGIONS BANK | DEFENDANT |

-**AND-**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* LUE HER & MAI YANG | PLAINTIFFS |
| V.         CIVIL NO. 06-2153 | |
| CHAMBERS BANK, CHAMBERS BANK<br>OF NORTH ARKANSAS | DEFENDANTS |

**MEMORANDUM OPINION & ORDER**

Currently before the Court are Chambers Bank Defendants' Renewed Motion to Dismiss (Doc. 52), Brief in Support (Doc. 53), Plaintiffs' Response (Doc. 57), Brief in Support (Doc. 58) and Chambers Bank Defendants' Reply (Doc. 62) filed in Civil No. 06-2153. Also before the Court are Regions Bank's Renewed Motion to Dismiss (Doc. 81), Brief in Support (Doc. 82), Plaintiff's Response (Doc. 87), Brief in Support (Doc. 88) and Regions Bank's Reply (Doc. 92) filed in 06-2178.

**A.  Introduction**

In their renewed motions to dismiss, both Regions and Chambers Banks contend that 06-2153 and 06-2178 should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. They contend this Court lacks jurisdiction over these two actions due to the "first-to-file bar" contained within the False Claims Act. *See* 31 U.S.C. § 3730(b)(5). Chambers and Regions contend that *United States ex rel. Tou Yang Lee, et al. v. Chambers Bank, et al.*, W.D. Ark. No. 06-2134, which was filed on July 20, 2006, prevents any other actions "based on the facts underlying the pending action."

Case No. 06-2178 was filed on October 5, 2006, and Case No. 06-2153 was filed on August 29, 2006. In 06-2153, Chambers contends the Court did not address the first-to-file bar in ruling on its initial motion to dismiss. In 06-2178, Regions contends that when ruling on its initial motion to dismiss, the Court only referred to the first-to-file bar in reference to three state court cases and did not apply it as to the *Tou Lee* Complaint.

In 06-2178, the Court's Memorandum Opinion dated June 3, 2008 (Doc. 42), referred to Regions' first-to-file argument but the Court went on to analyze Regions' argument that the case should be dismissed under the public disclosure provision

2

of the False Claims Act which provides that the court is without jurisdiction over an action publicly disclosed unless the relator is an original source of the information. The Court failed to address Regions' contention that the Court lacked jurisdiction based upon the previously filed *Tou Lee* action.

In 06-2153, on December 20, 2007, Chambers filed a supplement to its motion to dismiss adding an additional basis for dismissing the action - that the Court lacked jurisdiction based upon the first-to-file provision. In the Court's Memorandum Opinion & Order dated June 3, 2008 (Doc. 43), the Court failed to address the first-to-file argument in connection with the previously filed *Tou Lee* action.

After reviewing the pleadings and orders previously filed in 06-2153 and 06-2178, the Court determines it must address the first-to-file bar of the False Claims Act in connection with the *Tou Lee* complaint to determine whether subject matter jurisdiction exists over 06-2153 and 06-2178. *See* Fed. R. Civ. P. 12(h)(3)(if the Court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action). Plaintiffs, as the parties invoking federal jurisdiction, bear the burden of establishing this Court's jurisdiction under the FCA. *Hays v. Hoffman*, 325 F.3d 982 (8th Cir. 2003).

3

**B.   Discussion**

The first-to-file bar of the False Claims Act, 31 U.S.C. § 3730(b)(5) states that "[w]hen a person brings an action under this subsection, no person other than the Government may intervene or bring a related action based on the facts underlying the pending action." As the Eighth Circuit has not analyzed the first-to-file bar, we examine other jurisdictions.

"[T]he majority of courts interpret § 3730(b)(5) to bar a later allegation which 'states all the essential facts of a previously-filed claim,' even if the later claim 'incorporates somewhat different details." *United States ex rel. LaCorte v. SmithKline Beecham Clinical Labs., Inc.*, 149 F.3d 227, 232-33 (3d Cir. 1998). "The first-to-file bar furthers the policy of the FCA in that '[t]he first-filed claim provides the government notice of the essential facts of an alleged fraud, while the first-to-file bar stops repetitive claims.' *U.S. ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181 (9th Cir. 2001).

The "first-to-file bar is not limited to situations in which the original and subsequent complaints rely on identical facts." *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1279 (10th Cir. 2004)(explaining that such a limitation "would be contrary to the plain meaning of the statute, which speaks

4

of 'related' qui tam actions, not identical ones." (citing 31 U.S.C. § 3730(b)(5)). "Once the government is put on notice of its potential fraud claim, the purpose behind allowing *qui tam* litigation is satisfied." *Id*.

According to Chambers and Regions, the operative claim in *Tou Lee*, 06-2178 and 06-2153 is that Regions and Chambers "fraudulently obtained guarantees from the FSA on non-viable farm loans by falsely certifying that it complied with FSA regulations" and then obtained payments on claims related to those guarantees. Chambers and Regions argue that the allegations about excessive interest rates and fees are "merely additional facts" about how Chambers and Regions allegedly "falsely certified the plaintiffs' loan and other non-viable loans to the FSA." Chambers and Regions contend these facts do not allege a materially different fraudulent scheme.

Plaintiffs concede that all three cases involve false certifications made during the guaranteed loan application process but claim the false certifications involve different conduct and different regulations. Plaintiffs contend the difference is the *Tou Lee* case involves false certifications regarding the feasibility of the loans and the adequacy of the collateral as opposed to false certifications that it would not charge excessive interest rates or loan fees.

5

In 06-2153, Plaintiffs Lue Her and Mai Yang allege "Chambers has engaged in a pattern and practice of submitting or causing to be submitted false certifications and claims to the Farm Service Agency in (1) the FSA's Guaranteed Loan Program ("GLP")...to possibly include the FSA's Interest Assist Program ("IAP"), on guaranteed loans" in violation of § 3729 of the FCA. (Doc. 1, ¶ 1). Plaintiffs contend Chambers "routinely misrepresented its compliance with FSA's regulations in general and FSA's AAR and fee rules in particular on certifications and claims in both the GLP and IAP. (Doc. 1, ¶ 28). Plaintiffs further allege at least some of the false certifications were made when Chambers applied for the guaranteed loans. (Doc. 1, ¶ 29). In 06-2178, Plaintiffs Pao Her and Ly Her make identical allegations against Regions Bank.

In 06-2134, the *Tou Lee* Plaintiffs allege Chambers and Regions "engaged in a pattern and practice of certifying false statements to induce the Farm Service Agency...into issuing guarantees for farm ownership and operating loans." (Doc. 1, ¶ 1). The *Tou Lee* Plaintiffs also allege that Chambers and Regions "received (1) enhanced profits from the interest payments made on the overvalued property...; (2) a federal guarantee by the government that the bank's full economic expectancy would be paid; and, in some situations, (3) profits

6

from selling the loan guarantee onto the secondary loan market and (4) replacing under-secured and non-guaranteed loans in the lending institutions' loan portfolios with FSA guaranteed loans. (Doc. 1, ¶ 2). While the *Tou Lee* Plaintiffs refer to false cash flow projections and inflated appraisals in connection with the loans, the underlying facts are the same. All three cases are based upon the same alleged fraudulent scheme by Chambers and Regions to obtain guaranteed loans from the FSA, despite the fact that the two later-filed actions detail different aspects of that scheme, particularly certifying to the FSA that they would comply with FSA's regulations regarding interest rates and fees. In all three cases, the plaintiffs allege that Chambers and Regions Banks made false statements to the government to induce the government to make payments on guaranteed loans, specifically loans made to Hmong people for the purchase of poultry farms.

**C.  Conclusion**

Accordingly, Chambers and Regions' Renewed Motions to Dismiss (Docs. 52 & 81) are **GRANTED,** and Plaintiffs' Complaints in 06-2153 and 06-2178 are DISMISSED WITH PREJUDICE.  Chambers Bank Defendants' Motion for Summary Judgment (Doc. 54) and Regions Bank's Motion for Summary Judgment (Doc. 83) are DENIED AS MOOT. Plaintiffs' Motion for Extension of Deadlines and Continuance of Trial Date (Case No.

06-2178, Doc. 96) is DENIED, and *Her v. Regions Financial Corporation d/b/a Regions Bank*, Case No. 07-2017 remains set for a jury trial on January 12, 2009.

    IT IS SO ORDERED this 22nd day of December 2008.

                                                */s/ Robert T. Dawson*
                                                HONORABLE ROBERT T. DAWSON
                                                UNITED STATES DISTRICT JUDGE

AO72A
(Rev. 8/82)